IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-597-ECM |
| | ) | [WO] |
| TIMOTHY ALLEN SMITH | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Timothy Allen Smith's second motion to continue trial (doc. 33) filed on January 28, 2026. Jury selection and trial are presently set on the term of court commencing on March 9, 2026. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(1) and (h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.*

§ 3161(h)(1)(D), and delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant argues that a continuance is warranted because the Defendant's motion to suppress (doc. 25) remains pending. The Magistrate Judge set a hearing on the motion for February 3, 2026. (Doc. 32). As the Defendant points out, once the Magistrate Judge enters a Recommendation on the motion, the parties typically have fourteen days to file any objections, at which point the District Judge must review the file and issue a ruling. Defense counsel contends that it is unlikely all of these steps can be completed before the current plea deadline of February 16, 2026. Defense counsel further represents that, after the motion to suppress is ruled on, he will need additional time to either discuss a resolution short of trial or prepare for trial. The Government does not oppose a continuance. The Court finds that the time period from the filing of the motion to suppress through the prompt disposition of that motion is excluded from the seventy-day speedy trial period. *See* 18 U.S.C. § 3161(h)(1)(D). Additionally, after careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 33) is GRANTED, and jury selection and trial are CONTINUED from March 9, 2026, to the criminal term of court set to commence on **June 22, 2026 at 10:00 a.m.** in **Montgomery**, Alabama.   All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the June trial term.

DONE this 28th day of January, 2026.

                                                           /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE